UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.M.O., | Case No. 20-CV-577 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| UNITED STATES OF AMERICA, U.S. CITIZENSHIP & IMMIGRATION SERVICES, and MICHAEL PAUL, | |
| Defendants. | |

J.M.O., a citizen of Mexico, initially entered the country unlawfully. In 2012, he sought status as a "U" nonimmigrant from the United States Citizenship and Immigration Services ("USCIS"),[1] which approved his application in 2015. In 2019, he tried to adjust his status to that of a lawful permanent resident under 8 U.S.C. Section 1255(m). USCIS denied his request and he filed this lawsuit, seeking an injunction setting aside the effective date of that denial. The Court denied the motion, concluding that 8 U.S.C. Section 1252(a)(2)(B)(i) stripped it of jurisdiction to review USCIS's discretionary denial of status adjustment. J.M.O. appealed and USCIS moved to dismiss the case for

---

[1] The Court refers to Defendants collectively as "USCIS" for convenience. USCIS contends that Michael Paul and the United States are not proper defendants to this action for various reasons. (*E.g.*, ECF No. 54 at 1 n.1.) The Court need not reach these issues because it determines that it lacks jurisdiction over the whole case, so whether any one defendant is properly named is of no relevance.

lack of subject matter jurisdiction. The Court stayed the case pending resolution of the appeal. The Eighth Circuit affirmed the Court's denial on jurisdictional grounds.

With the Eighth Circuit having resolved the appeal, the Court may again consider USCIS's motion to dismiss. For the following reasons, it grants that motion.

## BACKGROUND

Both this Court and the Eighth Circuit have laid out the facts of this case, and the Court incorporates them by reference. (ECF No. 37 at 1–2); *J.M.O. v. United States*, 3 F.4th 1061, 1062 (8th Cir. 2021). For present purposes, it is enough to say that J.M.O. is a noncitizen who entered the United States unlawfully on two occasions, has a family in the United States, suffered some legal trouble, sought U nonimmigrant status and was granted it. (ECF No. 1 ¶¶ 12–22.) J.M.O. was then denied an adjustment to lawful permanent residency. (*Id.* ¶ 30.) J.M.O. asks the Court to do three things: (1) declare that USCIS acted unlawfully in denying his application for adjustment of status and enjoin USCIS to approve his application; (2) restrain USCIS from initiating removal proceedings until the Court resolves the case; and (3) require USCIS to renew his work authorization. (*Id.* at 36–37.)

### I. Statutory Framework

Victims of certain crimes who cooperate with the investigation or prosecution of those crimes can obtain U nonimmigrant status. 8 U.S.C. § 1101(a)(15)(U). United States Citizenship and Immigration Services, as a sub-agency of the Department of Homeland

Security ("DHS") is the only body with jurisdiction over U nonimmigrant applications. 8 C.F.R. § 214.14(c)(1). In addition to granting lawful status and employment authorization, the Secretary of DHS may adjust a U nonimmigrant's status to that of a lawful permanent resident. 8 U.S.C. §§ 1184(p)(3)(B), (p)(6), § 1255(m). Under Section 1255(m), the Secretary "may adjust the status of [a U nonimmigrant] . . . if . . . in [the Secretary's opinion], the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." *Id.*

Section 1252 strips the Court of jurisdiction to review either: (i) "any judgment regarding the granting of relief under section . . . 1255 of this title"; or (ii) "any other decision or action of the . . . Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B). Section 1252 insulates the Secretary's judgments under Section 1255 from judicial review because Section 1255 addresses a "form of discretionary relief from removal . . . and . . . contains language indicating that the decision is entrusted to the [Secretary's] discretion." *J.M.O.*, 3 F.4th at 1063 (internal quotation omitted); *see Kucana v. Holder*, 558 U.S. 233, 246 (2010) (applying this analysis to other provisions listed in Section 1252(a)(2)(B)(i)).

## II.     Eighth Circuit Opinion

After the Court denied J.M.O.'s motion for a preliminary injunction, he appealed to the Eighth Circuit and the Eighth Circuit affirmed. (ECF Nos. 38, 73); *J.M.O.*, 3 F.4th at 1062.

The Eighth Circuit rejected each of J.M.O.'s arguments. First, J.M.O. argued that Section 1252(a)(2)(B)(i)'s limitation on the Court's jurisdiction did not apply to Section 1255(m) denials "because [Section 1252(a)(2)(B)(i)] applies only to any judgment regarding the *granting* of relief." *J.M.O.*, 3 F.4th at 1063 (quotation omitted; emphasis original). This argument failed because it is contrary to the plain meaning of Section 1252(a)(2)(B); a denial under Section 1255(m) "*regard[s]* the granting of relief." *Id.* (emphasis added); 8 U.S.C. § 1252(a)(2)(B)(ii). In other words, a denial is not a granting of relief, but it is connected to it.

Second, J.M.O. contended that the word "may" in Section 1255(m)(1)—the Secretary "may adjust the status" of a U nonimmigrant—really means "shall" and is therefore nondiscretionary. The Eighth Circuit disagreed and concluded that the failure to establish grounds for adjustment under Section 1255(m) "is a discretionary determination governed by § 1252(a)(2)(B)(i) . . . ."[2] *J.M.O.*, 3 F.4th at 1063–64.

---

[2] The Eighth Circuit did not reach the issue of whether J.M.O. was statutorily eligible for adjustment of status because the discretionary denial was an independent basis for the decision that precluded review. *J.M.O.*, 3 F.4th at 1064 n.3.

4

Last, J.M.O. asserted that the inability of immigration judges to review a denial under Section 1255(m) was "an unconstitutional deprivation of due process and equal protection." *Id.* at 1064. Holding that this was not a valid constitutional claim, the Eighth Circuit rejected the argument because "there is no constitutionally protected liberty interest in discretionary relief" under federal immigration law. *Id.* (citations omitted).

## ANALYSIS

As the party invoking the Court's jurisdiction, J.M.O. has the burden of proving that jurisdiction exists. *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure are either facial or factual. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial challenge asserts that even if the facts in the Complaint are true, the Court has no jurisdiction. *Id.* In such cases, the Court gives the nonmoving party the same protections it would receive under a Rule 12(b)(6) motion, taking the facts alleged in the Complaint as true and drawing all reasonable inferences in the non-moving party's favor. *Id.*; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). In contrast, in a factual challenge, the Court looks beyond the pleadings and the non-moving party does not receive those protections. *Osborn*, 918 F.2d at 729 n.6.

USCIS makes a facial attack on the Court's jurisdiction. (ECF No. 44 at 10.) Before the Court reaches that, it must first consider the implications of the Eighth Circuit's decision on the motion before it.

### I.     Law of the Case and the Eighth Circuit's Conclusions

J.M.O. contends that, because the Eighth Circuit's decision was in an interlocutory, preliminary injunction context, the law of the case doctrine does not apply, and the Eighth Circuit's decision does not bind the Court. (ECF No. 81 at 1–5.) This argument fails.

The law of the case doctrine "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *Murphy v. FedEx Nat'l LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010). In other words, once the Court has made a decision in a particular case, it should stick to it. The doctrine applies only to final orders, not interlocutory orders, *id.*, but when "an appellate court remands a case . . . all issues decided by the appellate court become the law of the case . . . ." *In re Raynor*, 617 F.3d 1065, 1068 (8th Cir. 2010) (quotation omitted; alterations original). When the district court again obtains jurisdiction, it "must adhere to any limitations imposed on its function . . . by the appellate court." *Id.* (quotation omitted).

J.M.O. relies on an exception to this doctrine: in the preliminary injunction context, where a court makes it conclusions on a less-than-fully-developed record, the law of the case doctrine does not always apply. (ECF No. 81 at 2 (first citing *Fish v. Schwab*, 957 F.3d 1105, 1140 (10th Cir. 2020), then citing *Mesabi Iron Co. v. Reserve Mining Co.*, 270 F.2d 567, 570 (8th Cir. 1959))). That exception is inapplicable here.

First, that the Eighth Circuit's decision came from a preliminary injunction context is of no moment—neither the Court nor the Eighth Circuit addressed the merits of the case and the Court's discretion in issuing an injunction was not in question. (ECF No. 37 at 8); *J.M.O.*, 3 F.4th at 1062 ("Reviewing the jurisdictional decision *de novo*, we affirm."). Both decisions relied on J.M.O.'s jurisdictional allegations—they were purely legal decisions that in no way turned on either the Court's or the Eighth Circuit's assessment of those allegations for any purpose other than jurisdiction. Although the Court may not be bound by the Eighth Circuit's rulings on preliminary injunctions in certain instances (for example, where, upon further development, the outlines of a case come into sharper focus), those instances are not present here. The facts alleged to support jurisdiction have not changed. The Eighth Circuit's decision binds the Court. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) ("The District Court . . . is bound . . . to apply the precedent of this Circuit.").

And even were the appellate decision not the law of the case, it remains a published decision of the Eighth Circuit that is binding on the Court. The Court cannot disregard the Eighth Circuit's conclusions in *J.M.O.*

**II.     Jurisdiction to Review Denial of Application**

The Eighth Circuit's decision almost completely resolves J.M.O.'s argument that the Court has jurisdiction to review USCIS's denial of adjustment. But J.M.O. contends that the Eighth Circuit did not address all of the jurisdictional arguments he makes

7

against USCIS's motion to dismiss. (ECF No. 81 at 5–6.) Although true that J.M.O.'s arguments as to jurisdiction on his preliminary injunction motion were more limited than those he makes in opposition to the motion to dismiss, the Eighth Circuit nonetheless considered many of them. For example, the Eighth Circuit listened to (and rejected) J.M.O.'s assertion that Section 1252(a)(2)(B)(i) applies only to grants of relief, an argument he developed more fully in response to USCIS's motion. *J.M.O.*, 3 F.4th at 1063; (ECF No. 50 at 13–23).

Concluding that Section 1252(a)(2)(B)(i) barred review of USCIS's denial, the Eighth Circuit did not reach J.M.O.'s argument that Section 1252(a)(2)(B)(ii)—which applies to the Secretary's discretionary decisions—does not strip the Court of jurisdiction. And the Court need not either. J.M.O. accepts that the Court must first conclude that Section 1252(a)(2)(B)(i) does not bar the Court's review before it can reach Section 1252(a)(2)(B)(ii). (ECF No. 50 at 23–24 ("Assuming § 1252(a)(2)(B)(i) does not strip the Court of jurisdiction over Plaintiff's complaint, the next inquiry is whether § 1252(a)(2)(B)(ii) does so.").)

J.M.O. argues that the Court can still review whether he is *eligible* for the Secretary's exercise of discretion. (ECF No. 81 at 5–6); *see Trejo v. Garland*, 3 F.4th 760, 764 (5th Cir. 2021) (holding the court was not deprived of jurisdiction under § 1252(a)(2)(B) because applying a legal standard to established facts "to determine whether an alien is *eligible* for discretionary relief is a question of law, not a discretionary decision")

(emphasis in original). Here, the Secretary considered J.M.O.'s application, and declined to exercise that discretion in his favor—an exercise that the Court cannot review.[3] 8 U.S.C. § 1252(a)(2)(B)(i); *J.M.O.*, 3 F.4th at 1063. Therefore, any ruling as to whether J.M.O. is eligible for adjustment would involve a hypothetical situation, one in which the Secretary was willing to exercise discretion on J.M.O.'s behalf but where he had not met the eligibility criteria. Such a ruling would be one "advising what the law would be upon a hypothetical state of facts"—a forbidden advisory opinion. *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005).

The Court lacks jurisdiction to review USCIS's denial of adjustment.

### III.     Jurisdiction to Restrain USCIS from Initiating Removal Proceedings[4]

J.M.O. asks the Court to enjoin USCIS from initiating removal proceedings against him. The Court lacks jurisdiction to do this as well.

---

[3] The USCIS decision denying J.M.O.'s application states in part, "You have not provided sufficient evidence to establish that your adjustment of status is warranted on humanitarian grounds, to ensure family unity, or is otherwise in the public interest. As such, you have not met your burden of demonstrating that a favorable exercise of discretion is appropriate in your application to adjust your status to that of a lawful permanent resident." (ECF No. 1-2, Ex. 1 at 8 (document pagination) (citing § 1255(m)); *J.M.O.*, 3 F.4th at 1063.

[4] The exact status of any potential removal proceedings in this case are unclear. At the hearing on J.M.O.'s motion for preliminary injunction, counsel for both parties informed the Court that USCIS would not initiate removal proceedings before the Court issued a ruling on that motion. (ECF No. 52 at 48:22–49:11.) Any agreement between the parties extending this decision not to initiate removal proceedings during the pendency of this case would likely moot J.M.O.'s request to enjoin the initiation of removal proceedings. Neither party, however, has since informed the Court of the status of any removal

Section 1252(g) bars courts from hearing "any cause or claim by or on behalf of any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . ."[5] 8 U.S.C. § 1252(g). The Court "lacks jurisdiction to hear a challenge to the decision to forgo or initiate proceedings against" U nonimmigrants as those decisions are discretionary. *S-Cheng v. Ashcroft*, 380 F.3d 320, 324 (8th Cir. 2004); *see Hanggi v. Holder*, 563 F.3d 378, 383 (8th Cir. 2009) (same).

J.M.O. relies on an exception to this rule that permits the Court to review "purely legal" questions. *Jama v. I.N.S.*, 329 F.3d 630, 632 (8th Cir. 2003), *aff'd sub nom.*, *Jama v. Immigr. & Cust. Enf't*, 543 U.S. 335 (2005). That exception does not apply. In *Jama*, the Eighth Circuit held that the district court had jurisdiction to hear a habeas petition challenging the Attorney General's construction of a statute because it was "a purely legal question of statutory construction," not "an unfavorable discretionary decision or action to execute the removal order." *Id.* Here, J.M.O. *is* objecting to a discretionary decision of USCIS to remove him—not a purely legal question.

J.M.O. "submits that it is always unlawful" for USCIS to commence removal proceedings when USCIS bases that decision on an unlawful denial of adjustment—as

---

proceedings. The Court therefore proceeds to the statutory question of jurisdiction as it cannot easily resolve the constitutional question of its jurisdiction.

[5] Although the statute refers to the Attorney General as having this power, recent legislative enactments have transferred the Attorney General's authority to the Secretary. *Silva v. United States*, 866 F.3d 938, 940 n.2 (8th Cir. 2017).

J.M.O. alleges happened here. (ECF No. 50 at 53.) Even assuming that this were a "purely legal question" that the Court could review, it would ultimately require the Court to review USCIS's denial of J.M.O.'s adjustment application, something it has no jurisdiction to do. The Court therefore lacks jurisdiction to enjoin USCIS from beginning removal proceedings.[6]

### IV.  Jurisdiction to Force USCIS to Renew J.M.O.'s Work Authorization

The Court has no jurisdiction over J.M.O.'s request that it enjoin USCIS to deny renewal of his employment authorization. J.M.O. asserts that the Court will have jurisdiction over his request "if the Court rules for [him] on the merits of his claims." (ECF No. 50 at 53–54.) As the Court lacks jurisdiction to hear the merits of J.M.O.'s claims, it cannot rule for him on their merits, and therefore cannot force USCIS to renew his employment authorization.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[6] And J.M.O. concedes that this is the case. (ECF No. 52 at 4:1–4:5 ("[I]f the power to commence proceedings was transferred from the Attorney General to DHS or the Secretary of Homeland Security, then Section 1252(g) applies and deprives this Court of jurisdiction to enjoin [USCIS] from commencing removal proceedings.").) As noted, the Eighth Circuit has concluded the Secretary now has that power. *J.M.O.*, 3 F.4th at 1063 n.2.

1. USCIS's motion to dismiss for lack of subject-matter jurisdiction (ECF No. 42) is GRANTED; and

2. The Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 27, 2021                    BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge